CLIFFORD A. WALKER, Impl'd, etc.

v.

THE COURIER COMPANY OF CHICAGO.

DECREE AND SUPPLEMENTAL DECREE.—By the original decree, plaintiff in error, Walker, was required within ten days to pay for certain shares of stock held by him, and in default of such payment, such stock was to be surrendered up for cancellation. This was not an unconditional decree for the payment of money, neither could such payment be enforced by the company, and a supplemental decree afterwards entered awarding an execution against plaintiff in error for the amount, was unauthorized and improper, it not being in execution of the provisions of the original decree.

ERROR to the Superior Court of Cook county; the Hon. C. H. WOOD, Judge, presiding by stipulation. Opinion filed November 7, 1881.

The defendant in error, a corporation, brought its bill in chancery against Webb, Lyman & Smith, May 25th, 1875, to enjoin them from organizing or claiming to act as directors of

the corporation.    After the filing of answers by the defend-
ants, complainant amended its bill, making plaintiff in error,
Clifford A. Walker, and others, additional parties defendants,
and praying among other things, that the right to certain
shares of stock in the corporation, held by them, " might be
judicially determined and decreed."

Various cross-bills were filed by certain of the defendants,
to which there were replications, and the case was finally
heard and decided May 17, 1876.

In the complainant's bill, as amended, it is alleged that the
stock issued to Walker, prior to January 13th, 1875, had never
been paid for, and the bill prayed that all such stock might be
annulled and canceled.

The decree found that 200 shares of the capital stock of the
company, of the par value of twenty dollars each, had been
issued to Walker, of which only seven shares had been paid
for, leaving one hundred and ninety-three shares, amounting
to $3,860, unpaid for.    It was thereupon decreed that within
ten days from the date of the decree, Walker pay to the com-
plainant the said sum of $3,860, and that upon said payment
his stock should become validated; but upon failure to pay
said sum within the time limited, Walker should deliver up to
the company, to be canceled, the shares of stock thus unpaid for,
and the same should be canceled and annulled, and be so en-
tered upon the books of the company; and it was further de-
creed that from and after the expiration of the said ten days,
without payment as aforesaid, Walker be debarred, enjoined
and foreclosed from having or claiming any right, title or in-
terest to, or in any shares of stock or other interest in said
corporation, except as to said seven shares of stock.

The decree provided that the complainant might at any time
thereafter apply, at the foot of the decree, for such further or-
ders as might be necessary to enforce the provisions of the
decree.

From this decree an appeal was prosecuted to the Supreme
Court, which appeal was subsequently dismissed, and a *proce-
dendo* was awarded to the court below.    After the filing of the
mandate from the Supreme Court, the superior court entered

a decree July 5, 1878, which, after reciting that Walker had neither surrendered the stock held by him, nor paid the amount as found in the original decree, it was ordered and adjudged that the amount so found due upon Walker's unpaid stock was absolutely due and owing by him to the company, and that execution, as upon a judgment at law, issue against him to collect the same.

Messrs. GARY, CODY & GARY, for plaintiff in error.

WILSON, P. J. The supplemental decree of July 5, 1878, awarding an execution, was inconsistent with, and wholly unauthorized by the original decree. That decree, being final in its nature, settled the rights and liabilities of the respective parties, and the supplemental decree could create no other or different liabilities than those imposed by the original decree. The original decree was not a decree for the unconditional payment of the amount due on Walker's unpaid stock. True, it required him to pay the money within a fixed time, upon doing which his stock was to be validated; but it also required him to surrender the stock for cancellation if he failed to pay the money within the time fixed. Having neglected to make payment, he could not, after the expiration of the ten days limited for that purpose, tender the money and demand the validation of his stock, however valuable it might have become; and on the other hand, the company could not demand payment of the money. The consequences of Walker's failure to pay were prescribed by the decree. Those consequences were the right of the company to have the certificates of stock surrendered, and the stock cancelled on its books. In short, Walker no longer had the right to have his stock validated, and the company no longer had the right to demand the money.

The fact that Walker failed to surrender the stock certificates, was immaterial, as his failure did not confer any right upon the company, other than as above stated, and the company without such surrender, could, of its own motion, have cancelled the stock upon its books. Indeed, the decree in terms required it to do so. Besides, if an actual surrender

were necessary, the company, by a supplemental order could have enforced it.

Such being the nature and effect of the original decree, the supplemental decree of July 5, 1878, awarding an execution against Walker, for the collection of the money, was manifestly unauthorized and improper, not being in execution of the provisions of the original decree.

The decree of the court below must be reversed, and the cause remanded.

Reversed and remanded.